FILED
U.S. DISTRICT COURT
2009 JAN 12 PM 2:25
CLERK R. Ax
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

UNITED STATES OF AMERICA :
:
v. : CASE NO.: CR208-28
:
MARK RUGGIERO :

## MAGISTRATE JUDGE'S ORDER and REPORT AND RECOMMENDATION

Defendant Mark Ruggiero ("Defendant") has been charged with the transfer and attempted transfer of obscene material to a minor, in violation of 18 U.S.C. § 1470. Defendant filed a Motion to Dismiss the Indictment[1], or, in the Alternative, to Obtain a Bill of Particulars. The Government filed a Response. The undersigned heard oral arguments on Defendant's Motion on December 16, 2008.

## DISCUSSION AND CITATION TO AUTHORITY

### I. Dismissal of Indictment

Defendant asserts the indictment fails to provide any information about the alleged "victim" in this case, as there was no child under the age of 16 involved. Defendant also asserts that, because the recipient of his alleged materials was not under the age of 16, there was no child to corrupt or scandalize.

The Government alleges that Defendant has been put on notice that he is being charged with the transfer of obscene material over the internet in interstate commerce

---

[1] Defendant's Motion is for the dismissal of count I of the indictment and the indictment. The indictment consists of only one count.

to a person he knew to be under the age of 16. The Government avers this notice is sufficient to allow Defendant to prepare a defense against the charge contained in the indictment. The Government also avers Defendant believed, at the time of his alleged acts, that he was communicating with a 35 year-old woman and her 13 year-old daughter.

"For an indictment to be valid, it must 'contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what [he] must be prepared to meet.'" United States v. Ware, 292 F. App'x 845, 849 (11th Cir. 2008) (quoting United States v. Bobo, 344 F.3d 1076, 1083 (11th Cir. 2003)). "An indictment not framed to apprise the defendant with reasonable certainty[ ] of the nature of the accusation against him is defective, although it may follow the language of the statute." Bobo, 344 F.3d at 1083 (internal citation omitted). "[I]f the indictment tracks the language of the statute, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." Id. (internal citation and punctuation omitted). "Additionally, an indictment must enable the defendant to enter a plea that will bar any future prosecutions for the same offense." Id.

Defendant is charged with one count of violating 18 U.S.C. § 1470, which states:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, knowingly transfers obscene matter to another individual who has not attained the age of 16 years, knowing that such other individual has not attained the age of 16 years, or attempts to do so, shall be fined under this title, imprisoned not more than 10 years, or both.

In the indictment, the Government alleges that Defendant, between June 2006 and December 2006, unlawfully transferred or attempted to transfer over the internet and

through interstate commerce obscene materials to another person who had not attained the age of 16 years, knowing that such person had not attained the age of 16 years old. (Indictment). The Government also sets forth the maximum penalties Defendant may face, should he be convicted of the charged offense. (Penalty Cert.).

The indictment sufficiently advises Defendant of the charges and possible penalties he faces, as well as the particular time frame in which he is alleged to have committed violations of federal law. Contrary to Defendant's assertion, the Government is not required to provide information about the alleged child victim in this case. This portion of Defendant's Motion should be denied.

## II. Bill of Particulars

Defendant requests that the Court direct the Government to file a bill of particulars to identify the name of the unidentified child to whom he allegedly transmitted obscene material and the basis on which Defendant knew or should have known that the alleged child existed.

The Government contends Defendant has been provided with discovery materials which reveal that the people with whom he was communicating were undercover Naval Criminal Investigative Service ("NCIS") agents, not a 35 year-old woman or a 13 year-old girl. The Government asserts Defendant did not need to transmit obscene materials to an actual child under the age of 16, provided he believed he was doing so. The Government alleges the indictment contains the elements of the alleged offense and provides the dates on which the alleged crimes occurred. The Government also alleges Defendant has been provided with discovery materials far exceeding the requirements of Federal Rules of Criminal Procedure Rule 16.

A defendant may seek a bill of particulars setting forth the time, place, manner, and means of commission of the crimes alleged in the indictment. See FED. R. CRIM. P. 7(a) and (f). The purpose of a bill of particulars is to give notice to a defendant of the offenses charged in the indictment so that he may prepare a defense, avoid surprise, or raise pleas of double jeopardy when the indictment itself is too vague for such purposes. United States v. Roberts, 174 F. App'x 475, 477 (11th Cir. 2006). "A bill of particulars is not required where the information sought has already been provided by other sources, such as the indictment and discovery, and it is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." Id. (internal citation omitted). In other words, a motion for a bill of particulars is not a *carte blanche* opportunity for the defense to investigate the government's case. United States v. Thevis, 474 F. Supp. 117, 123 (S.D. Ga. 1979).

Defendant has failed to carry his burden to show he is entitled to have the Government directed to file a bill of particulars. The Government has an open file discovery policy, and Defendant has been provided with a large amount of discovery, which contains all information that is necessary for him to defend this case. In fact, Defendant presented the Court with a possible defense to the charged offense during the December 16, 2008, hearing. Additionally, the indictment filed by the Government is sufficiently informative. Because Defendant has received this information through the discovery processes in this case, there is no need for the Court to direct the Government to file a bill of particulars. No prejudicial surprise or obviation of

AO 72A
(Rev. 8/82)

opportunities to present meaningful defense preparation will arise in the case *sub judice*. Thus, this portion of Defendant's Motion is **denied.**

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the portion of Defendant's Motion to seeking the dismissal of the Indictment be **DENIED**. The portion of Defendant's Motion seeking a Bill of Particulars is **DENIED**.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 12th day of January, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE